IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAESLIV H. OBAMA a/k/a Shanta Y. Claiborne, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-391-C-BN |
| UNITED STATES, | § § § | |
| Defendant. | § | |

**SUPERSEDING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Zaesliv H. Obama a/k/a Shanta Y. Claiborne ("Ms. Claiborne") initially filed a *pro se* civil rights complaint against Defendant United States, implicating prison conditions and claiming that she was tortured by the United States. *See* Dkt. No. 3. Her action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

On February 20, 2019, the Court granted her leave to proceed *in forma pauperis*, *see* Dkt. Nos. 5 & 6, and entered a notice of deficiency (the "NOD"), explaining:

> The *pro se* complaint as presently submitted is subject to summary dismissal because Ms. Claiborne has not plausibly alleged how the sole named defendant is subject to suit. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Garland v. U.S. Attorney for the N. Dist. of Tex.*, No. 3:03-cv-2658-D, 2005 WL 910605, at *2 (N.D. Tex. Apr. 20, 2005) ("United States agencies and officers are also protected by sovereign immunity." (citing *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990))); *see also Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D.

Cal. 2007) ("A *Bivens* action does not lie against federal agencies or the United States, which possess sovereign immunity; such actions may be brought only against named federal officers or agents in their personal capacity." (citing *Meyer*, 510 U.S. at 483-86)).

While an action may be brought "against the United States [under the Federal Torts Claims Act ("FTCA")] for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment," *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. § 1346(b)(1)), "[s]ince a suit under the FTCA constitutes a waiver of sovereign immunity, the provisions that allow suit must be strictly construed," *Gibbs v. Miner*, No. 3:10-cv-228-M, 2010 WL 1711703, at *1 (N.D. Tex. Apr. 2, 2010) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981)), *rec. adopted*, 2010 WL 1730786 (N.D. Tex. Apr. 27, 2010).

These provisions include *proper* exhaustion of administrative remedies, which begins by "first present[ing] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); *see also Barber v. United States*, 642 F. App'x 411, 415 n.3 (5th Cir. 2016) (per curiam) (concluding that the holding in *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), "that the FTCA's statute of limitations was 'non-jurisdictional and subject to equitable tolling' ... "has no bearing on our analysis of the jurisdictional limitation provided by 28 U.S.C. § 2675(a)'s presentment requirement" (quoting *Wong*, 135 S. Ct. at 1638)).

And, to the extent that the United States or a federal officer or agent in a personal capacity is subject to suit based on a harm that Ms. Claiborne alleges, her complaint does not comply with the applicable pleading standards.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

To remedy this deficiency, attached to this order is a form

> Complaint for Violation of Civil Rights (Non-Prisoner Complaint), which Ms. Claiborne shall complete, date and sign, and return to the Court no later than **March 22, 2019**.
>      Failure to follow this instruction will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court. *See* FED. R. CIV. P. 41(b).

Dkt. No. 7.

More than one month after the deadline to comply with the Court's order, and after Ms. Claiborne failed to comply with the NOD or otherwise contact the Court, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b) [Dkt. No. 8] (the "41(b) FCR").

The 41(b) FCR noted that, "if during the period for filing objections to this recommendation, Ms. Claiborne complies with the NOD, the undersigned will withdraw the findings, conclusions, and recommendation and continue to manage this action for pretrial purposes." *Id.* at 5.

On May 15, 2019, Ms. Claiborne filed an amended complaint providing the following factual allegations, in full: "360 Other Personal Injury ... Personal Injury ... Zaesliv H. Obama vs United States ... Torture, Death Penalty Type ... THEFT – Terrorism." Dkt. No. 9 at 1. She further cites three criminal statutes: 8 U.S.C. § 1324; 18 U.S.C. § 43; and 18 U.S.C. § 3559(f). *See id.* at 2.

The undersigned now enters these superseding findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

To the extent that Ms. Claiborne continues to bring a civil action against the United States, her amended complaint fails to show that there is subject matter jurisdiction for the reasons explained in the NOD (set out above). And, to the extent that she asserts that the criminal statutes cited in the amended complaint provide subject matter jurisdiction, she may "not assert a valid basis for federal question jurisdiction" by relying "on federal criminal statutes only," *Robinson v. Pulaski Tech. Coll.*, 698 F. App'x 859 (8th Cir. 2017) (per curiam) (citations omitted), as she "has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Savannah v. United States*, No. 3:07-cv-2052-O, 2009 WL 1181066, at *2 (N.D. Tex. Apr. 30, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also McKeague v. Matsuura*, Civ. No. 08-00571 ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009) (citing "a handful of federal criminal statutes ... fails to sufficiently demonstrate that [a plaintiff's] claims arise under federal law" (citation omitted)).

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 16, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE